# Illinois Official Reports

## Appellate Court

***People v. Branch*, 2014 IL App (1st) 120932**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EARNEST BRANCH, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-12-0932 |
| Filed<br>Rehearing denied | January 15, 2014<br>January 27, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The eyewitness testimony of police officers that defendant made eight transactions that involved going to a vacant lot to retrieve an item and then returning to a street to deliver the item to an individual in exchange for cash and then, after delivering the cash to another man following the transactions, defendant was arrested and found to be in possession of several capsules of heroin, was sufficient to sustain his conviction for the unlawful possession of a controlled substance with intent to deliver, notwithstanding his contention that the State failed to prove he intended to deliver heroin, especially when he did not possess a large amount of drugs or cash or any weapons or distribution-related equipment, since a trier of fact reasonably could infer that defendant was engaging in heroin sales and that he intended to deliver the drugs in his possession. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CR-15831; the Hon. William Hooks, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier and Christofer R. Bendik, both of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Noah Montague, Assistant State's Attorney, of counsel), for the People.

Panel

PRESIDING JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justices Neville and Mason concurred in the judgment and opinion.

## OPINION

¶ 1    A jury convicted defendant Earnest Branch of possession of a controlled substance with intent to deliver under section 401(c)(1) of the Illinois Controlled Substances Act (720 ILCS 570/401(c)(1) (West 2010)). He was sentenced to six years in prison. On appeal, Branch contends that the State failed to prove that he intended to deliver the narcotics found in his possession. We affirm. The evidence sufficiently supports Branch's conviction for possession of a controlled substance with intent to deliver.

¶ 2                                      Background

¶ 3    Branch was charged by information with possession of a controlled substance with intent to deliver in that he "unlawfully and knowingly possessed with intent to deliver *** 1 gram or more but less than 15 grams of a substance containing a certain controlled substance, to wit: heroin."

¶ 4    At trial, Chicago police officer Kathleen McCann testified that at about 12:30 p.m. on August 11, 2010, she and five other officers were working undercover surveillance near the intersection of Augusta Boulevard and Long Avenue. As she was stopped in traffic heading westbound, she saw Branch walking eastbound on the south side of the street. McCann observed Branch cut into the backyard of a vacant residence, reach down and remove an item and then walk back toward the corner of Augusta and Long Avenue. She pulled her car over and observed Branch make a suspected hand-to-hand narcotics transaction with an unidentified individual, exchanging the item for an unknown amount of money. She observed Branch engage in "at least eight" transactions. McCann then radioed Officer Myron Kuykendall and Officer Reginald Dukes, who were working as enforcement officers.

¶ 5    Officer Edward Daniels, who was also working as a surveillance officer, testified that he was parked 10 to 15 feet from Branch when he observed Branch engage in 8 suspected narcotics transactions over a period of 45 minutes. He was not able to see the amount of money that was being exchanged during each transaction or the item that was being tendered. Branch

- 2 -

began walking southbound after the transactions, and Daniels, through his rear-view mirror, saw Branch give an unknown amount of cash to a man on a bicycle before going westbound down an alley.

¶ 6    Officer Kuykendall testified that he and Officer Dukes received radio communication regarding Branch's suspected narcotics transactions and drove westbound into the alley between Augusta Boulevard and Iowa Street. Kuykendall exited the car and told Branch and the man on the bicycle to stop. Branch looked in Kuykendall's direction and dropped an object from his hand. Kuykendall recovered the item and arrested him. The man on the bicycle fled and was never captured. Kuykendall recovered a clear plastic bag containing 11 capsules of suspected heroin and $18 in cash.

¶ 7    Forensic chemist Elaine Harris tested 7 of the 11 capsules, and they weighed 1.1 grams and tested positive for heroin. She estimated all 11 capsules weighed 1.7 grams.

On appeal, Branch contends that the State failed to prove the element of intent to deliver beyond a reasonable doubt.

¶ 8                                          Analysis

¶ 9    When a defendant challenges the sufficiency of the evidence to sustain his or her conviction, the relevant question on review is whether, after considering the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *People v. Beauchamp*, 241 Ill. 2d 1, 8 (2011). The trier of fact determines the credibility of witnesses, the weight to be given to their testimony, and the reasonable inferences to be drawn from the evidence. *People v. Howery*, 178 Ill. 2d 1, 38 (1997). A conviction only will be overturned where the evidence is so improbable, unsatisfactory, or inconclusive that it creates a reasonable doubt of defendant's guilt. *Beauchamp*, 241 Ill. 2d at 8.

¶ 10   To prove defendant guilty of the offense of possession of a controlled substance with intent to deliver, the State must prove the defendant (1) had knowledge of the presence of the narcotics; (2) had possession or control of the narcotics; and (3) intended to deliver the narcotics. *People v. Robinson*, 167 Ill. 2d 397, 407 (1995); 720 ILCS 570/402(c) (West 2010). The trier of fact may rely on reasonable inferences to determine knowledge and possession. *People v. Smith*, 191 Ill. 2d 408, 413 (2000). The element of "intent to deliver" is usually proved by circumstantial evidence because knowledge and possession of drugs are rarely subject to direct proof. *People v. Cruz*, 129 Ill. App. 3d 278, 286 (1984) (Possession "is an inherently surreptitious affair, and common sense must illuminate the dark."). Several factors have been considered by Illinois courts as probative of intent, including the manner in which the drugs are packaged; the possession of weapons; and the possession of large amounts of cash. *Robinson*, 167 Ill. 2d at 408.

¶ 11   Here, the evidence was sufficient to establish that Branch intended to deliver the heroin that police found in his possession. The State presented eyewitness testimony from Officer McCann that Branch went to a vacant lot and secured an item from the back of a house and delivered the item in exchange for cash. Officer Daniels could not identify the items that were

tendered or the amount of cash Branch received; however, he witnessed Branch give a man cash after the transactions and Officer Kuykendall subsequently found Branch in possession of 11 individually packaged capsules of heroin. A trier of fact could reasonably infer that the eight transactions that officers saw Branch engage in were heroin sales.

¶ 12    Branch contends that the absence of factors probative of intent to deliver articulated in *Robinson*, 167 Ill. 2d at 408 (*i.e.*, possession of amounts of narcotics inconsistent with personal use, evidence as to the drug purity, weapons, large amounts of cash, distribution-related equipment) indicates that Branch did not intend to deliver the heroin found in his possession. We disagree.

¶ 13    In *Robinson*, the police arrested the defendant based on suspected drug activity in a house and the State presented no eyewitness testimony that the defendant had been observed engaging in alleged drug transactions. *Robinson*, 167 Ill. 2d at 405-07. Accordingly, the *Robinson* court examined other circumstantial factors indicating intent to deliver. Unlike in *Robinson*, the State presented eyewitness testimony from Officers McCann and Daniels that over a period of 45 minutes, 8 times, Branch was approached by individuals with whom he had a short conversation, before engaging in a transactions with cash. Branch multiple times went to get something from close to the ground on the side of a nearby vacant house and then returned to the corner. The officers saw him engage in eight suspected heroin transactions and hand over the proceeds of the transactions to a man on a bicycle before being found in possession of heroin. Given these circumstances, the absence of *Robinson* factors is not dispositive. See, *e.g.*, *People v. Bush*, 214 Ill. 2d 318, 327 (2005) (evidence sufficient where defendant accepted money from two individuals and handed them unknown items in exchange); *People v. Bell*, 343 Ill. App. 3d 110, 121 (2003) (evidence sufficient where defendant accepted money from several individuals and handed them small items). A reasonable trier of fact could have found the element of intent to deliver based on the State's evidence.

¶ 14    Alternatively, Branch argues that the drugs found in his possession on arrest were separate from the drugs that he was selling and were intended for personal use. He attempts to distinguish *Bush* by reasoning that the defendant in that case was found to have intent to deliver because she "resumed her post behind the fence at the conclusion of both transactions." See *Bush*, 214 Ill. 2d at 328-39. Conversely, Branch argues he had handed his proceeds to the man on the bicycle and was done for the day. We reject this argument. The jury could have reasonably found that the drugs Branch possessed on arrest were not a separate supply and that he intended to deliver the remaining capsules of heroin. Viewing all the evidence in the light most favorable to the State, as we must, coupled with the reasonable inferences drawn from the evidence, we cannot say that no rational trier of fact could have found that Branch intended to deliver the drugs in his possession.

¶ 15    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 16    Affirmed.