2024 IL App (1st) 221507-U

No. 1-22-1507

Order filed February 28, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CR 13713 |
| | ) | |
| CORNELIUS JOHNSON, | ) | Honorable |
| | ) | Carol M. Howard, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE R. VAN TINE delivered the judgment of the court.
Justices Lampkin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm defendant's conviction for possession of a controlled substance with intent to deliver over his contention that the State failed to prove him guilty beyond a reasonable doubt.

¶ 2    Following a bench trial, defendant Cornelius Johnson was found guilty of one count of possession of a controlled substance (PCS) with intent to deliver (720 ILCS 570/401(c)(1) (West 2020)) and sentenced to four years' imprisonment. On appeal, defendant contends that the State failed to prove him guilty beyond a reasonable doubt because the testimony of an undercover

officer who bought narcotics from him was not credible and circumstantial evidence suggested that someone else may have committed the offense. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    Defendant was charged with one count of PCS with intent to deliver (720 ILCS 570/401(c)(1) (West 2020)), alleging that he knowingly possessed, with intent to deliver, 1 to 15 grams of heroin.

¶ 5    At trial, Chicago police officer Mohammad Baker testified that on May 3, 2021, he was on duty undercover at the intersection of West Jackson Boulevard and South Pulaski Road to make controlled purchases of narcotics. Baker was working with a team of seven officers, including four surveillance officers, two enforcement officers, and one sergeant. At approximately 11:13 am, Baker walked toward three men in a vacant lot. Defendant, whom Baker identified in court, approached and told Baker to follow him. While they were crossing the street, defendant asked Baker what he needed. Baker asked for "two bags of 'D' ", which Baker mentioned refers to heroin.

¶ 6    Baker testified that he followed defendant to the front of a building on the 4000 block of West Jackson, which was "a known hot spot for narcotics." Defendant went inside the building for approximately three minutes while Baker waited outside. At the bus stop, Baker spoke to two other individuals. When defendant returned, he asked for money. Baker gave him $20 cash and received two clear Ziploc bags containing suspected narcotics. Baker testified that the cash he gave defendant was "1505 funds," which are bills that police use to make controlled narcotics purchases and track by serial numbers. Baker walked away, informed his fellow officers that he had purchased narcotics, and radioed a description of defendant. From a nearby location, Baker observed defendant continuing to make narcotics transactions in the same area. Approximately 30

minutes later, officers arrested defendant on the 300 block of South Pulaski. Baker inventoried the Ziploc bags and their contents.

¶ 7    Baker acknowledged that his police report did not mention that he observed defendant from a distance for approximately 30 minutes after buying the suspected narcotics. Baker did not recover the 1505 funds when defendant was arrested.

¶ 8    The State moved a video recording from Baker's body camera into evidence. The video, which does not include audio, shows Baker interacting with defendant, crossing the street toward the front of a building, standing at a bus stop with several other individuals, defendant entering the building, defendant exiting the building after approximately three minutes, and Baker walking away from defendant afterward. Baker identified a screen capture from this body camera video as depicting defendant, which the State also moved into evidence.

¶ 9    The parties stipulated that Jorge Gomez, an Illinois State Police forensic chemist, tested the contents of the Ziploc bags and determined that they contained 1.1 grams of heroin and fentanyl.

¶ 10    The trial court found defendant guilty. The court explained that "the video, coupled with Officer Baker's testimony, does constitute proof beyond a reasonable doubt." The court acknowledged that the video recording from Baker's body camera was of poor quality and lacked audio, but found that it corroborated his testimony up to the point at which defendant exited the building.

¶ 11    Defendant filed a motion for a new trial, arguing that the State failed to prove him guilty beyond a reasonable doubt. The court denied the motion and sentenced defendant to four years' imprisonment. Defendant filed a motion to reconsider sentence, which the trial court also denied.

¶ 12    Defendant timely appealed.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, defendant contends that the State failed to prove him guilty of PCS with intent to deliver beyond a reasonable doubt. Specifically, defendant argues that Baker's testimony was not credible and circumstantial evidence suggested that someone else may have committed the offense.

¶ 15    When reviewing a challenge to the sufficiency of the evidence, we determine whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Pizarro*, 2020 IL App (1st) 170651, ¶ 29. We do not retry the defendant, rather, we defer to the trial court's evaluation of the witnesses' credibility, the weight to be given to their testimony, and the reasonable inferences to be drawn from the evidence. *Id.* The trial court is in the best position to judge witnesses' credibility because it personally observes their testimony and demeanor. *Id.* The testimony of a single witness is sufficient to support a conviction if the witness's testimony is credible (*People v. Gray*, 2017 IL 120958, ¶ 36), and the State may prove its case by circumstantial evidence alone (*People v. Brown*, 2013 IL 114196, ¶ 49). We will not reverse a conviction unless the evidence is so unreasonable, improbable, or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. *People v. Hines*, 2021 IL App (1st) 191378, ¶ 31.

¶ 16    To prove that a defendant committed PCS with intent to deliver, the State must establish that the defendant had (1) knowledge of the presence of narcotics, (2) possession or control of the

narcotics, and (3) intent to deliver the narcotics.[1] 720 ILCS 570/401(c)(1) (West 2020); *People v. Branch*, 2014 IL App (1st) 120932, ¶ 10. Defendant does not challenge any of these elements in particular. Rather, he contends Baker was not credible and that alternate suspects may have sold Baker the narcotics at issue.

¶ 17    Viewed in the light most favorable to the State, the evidence was sufficient to establish defendant's guilt of PCS with intent to deliver. Baker's testimony established that defendant sold Baker two Ziploc bags and the parties stipulated that those bags contained heroin and fentanyl. There is no question that defendant possessed the bags of narcotics; he must have possessed them in order to sell them to Baker. This evidence fulfilled the second element of PCS with intent to deliver, possession. The evidence also established the first and third elements, that defendant knew the bags contained narcotics and intended to sell them. Defendant's actions supported an inference that defendant stored the narcotics in the building on Jackson, looked for customers in the area, and then retrieved the narcotics from the storage area when he was ready to make a sale. Baker also saw defendant engaging in hand-to-hand transactions for approximately 30 minutes after buying narcotics from him, further supporting a conclusion that defendant was selling narcotics at that location.

---

[1]When the amount of narcotics in the defendant's possesion is consistent with personal consumption, the State must introduce "additional evidence of intent to deliver," such as the narcotics being packaged for sale. *People v. Ellison*, 2013 IL App (1st) 101261, ¶ 16. In this case, defendant possessed 1.1 grams of heroin and fentanyl, which is argubly consistent with personal consumption. See, *e.g.*, *People v. Sherrod*, 394 Ill. App. 3d. 863, 866 (2009) (1.5 grams of cocaine consistent with personal consumption). However, defendant does not address this issue, so he has forfeited any argument that the State did not meet the heightened standard for proving his intent to deliver. See Ill. S. Ct. R. 341(h)(7) (eff. Jan. 31, 2024) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."); *People v. Serritella*, 2022 IL App. (1st) 200072, ¶ 85.

¶ 18    Defendant primarily argues that Baker was not credible. Specifically, defendant contends that (1) Baker's body camera video did not depict any narcotics transactions, (2) the video depicted Baker walking away from defendant for at least 2 minutes rather than observing him for 30 minutes uninterrupted, and (3) Baker's police report did not mention the other hand-to-hand transactions during the 30-minute observation period. However, the trial court found Baker credible and we will not revisit that credibility determination. See *People v. Daniel*, 2022 IL App (1st) 182604, ¶ 93 ("The credibility of the witnesses *** [is] within the province of the trier of fact, and a reviewing court will not substitute its judgment for that of the trier of fact on these matters."). The court necessarily found Baker credible because he was the State's only witness, and the court also reasoned that Baker's testimony was credible because it was corroborated by the video from his body camera.

¶ 19    Defendant next argues that the two individuals at the bus stop may have sold Baker narcotics instead of defendant. This argument is speculation unsupported by any evidence in the record. Baker never claimed that anyone other than defendant sold him narcotics, and he certainly never testified that the two individuals at the bus stop did so. Moreover, the fact that two people were standing at a bus stop around the time Baker bought narcotics from defendant does not negate the fact that defendant sold Baker narcotics.

¶ 20    Defendant also contends that Baker's failure to recover the 1505 funds undermines his credibility. Even if we could reevaluate Baker's credibility on appeal, this argument does not support reversal of defendant's conviction. Recovering "prerecorded or marked funds used in a narcotics transation" is not an element of PCS with intent to deliver. *People v. Nelson*, 2021 IL App (1st) 181483, ¶ 56; see also 720 ILCS 570/401(c)(1) (West 2020). The fact that Baker did not

recover the 1505 funds does not mean that defendant did not sell him narcotics. Rather, Baker's non-recovery of the 1505 funds merely suggests that defendant put the money somewhere else between the time he sold Baker the narcotics and the time he was arrested.

¶ 21    Defendant's brief suggests that *In re Nasie M.*, 2015 IL App (1st) 151678, is similar to this case and supports reversal, but defendant does not explain this. *In re Nasie M.* has nothing in common with this case. It involved a minor charged with reckless discharge of a firearm, unlawful possession of a firearm, and aggravated unlawful use of a weapon, not any type of narcotics offense. Accordingly, we affirm defendant's conviction for PCS with intent to deliver.

¶ 22                                III. CONCLUSION

¶ 23    For the foregoing reasons, we affirm defendant's conviction for PCS with intent to deliver.

¶ 24    Affirmed.