(No. 54453.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. BYRON DONALDSON, Appellee.

*Opinion filed April 16, 1982.*

Tyrone C. Fahner, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Melbourne A. Noel, Jr., and Mark L. Rotert, Assistant Attorneys General, of Chicago, and Marcia B. Orr, Joel A. Stein, Warren A. Zimmerman, and Michael E. Shabat, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, and John E. Horn, Assistant Public Defender, of Chicago, for appellee.

JUSTICE WARD delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County, Byron Donaldson was convicted of attempted murder, armed violence, and three charges of aggravated battery. He was sentenced to serve five concurrent nine-year terms. On appeal the appellate court, in a Rule 23 order, vacated the conviction and sentence on one of the counts of aggravated battery and affirmed the other convictions (90 Ill. App. 3d 1198). We granted the People's petition for leave to appeal. 73 Ill. 2d R. 315.

On November 10, 1978, Donaldson and Greg Smith, a codefendant, pursued Otis Matthews into a public bus. The defendant walked to the rear of the bus where Matthews was sitting and fired three shots at him, but each shot missed. There was a struggle between the defendant and Matthews, and the gun fell to the floor. Smith picked it up and fired at Matthews, wounding him in the abdomen. He fell to the floor, and Smith then shot him twice in the legs. The wounds were severe, necessitating three operations. Donaldson was charged by criminal information with attempted murder (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 8—4) for firing at Matthews. Under the doc-

trine of accountability, he was charged, too, with aggravated battery causing great bodily harm (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(a)), aggravated battery causing permanent disfigurement (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(a)), aggravated battery using a deadly weapon (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(1)), and armed violence (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 33A—2). The armed violence charge was based on the aggravated battery causing great bodily harm charge. The conviction for aggravated battery using a deadly weapon was the one vacated by the appellate court.

No question regarding the attempted murder conviction is raised on this appeal.

The parties state that the three shots that struck Matthews constituted three separate acts and that each act could be the basis for conviction of a separate and distinct offense. The defendant was held responsible for Smith's conduct on the ground of accountability (Ill. Rev. Stat. 1979, ch. 38, par. 5—1), and he was convicted on the three described charges of aggravated battery, each requiring different elements of proof, and on the one charge of armed violence. The only question before us is whether all four convictions can stand, considering that the four offenses have been carved, as decisions have described it, from only three distinct physical acts. In interpreting the armed violence statute the appellate court has handed down conflicting opinions on the problem involved. See, e.g., People v. Pearson (1981), 102 Ill. App. 3d 732, 738-41 (Downing, J., concurring in part and dissenting in part).

The People, citing, inter alia, Albernaz v. United States (1981), 450 U.S. 333, 67 L. Ed. 2d 275, 101 S. Ct. 1137, contend that the legislature intended to create armed violence as a separate and distinct offense from its underlying or predicate felony, and that where that intent is clear, a defendant may be separately convicted and separately

sentenced for the two offenses. Further, it is argued that if the legislative intent is not clear, the standard or test enunciated in *Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180, should be applied to ascertain the legislative intent. The *Blockburger* test has been used in determining whether there was a violation of Federal constitutional protection against double jeopardy by the imposition of multiple sentences for convictions arising from a single act. The defendant says that the rule in *Blockburger* should not be applied because our decisions afford an accused a larger protection against prejudice than is provided under the double jeopardy standard of the Constitution of the United States.

The elements of the offense of armed violence are simply stated: "A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois law." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 33A—2.) From this it cannot be said that the legislature clearly intended to provide for the imposition of multiple convictions and sentences based on a single act. It is reasonable to say that the legislature intended only to increase or enhance the minimum penalty upon conviction of a felony when the violator was in possession of a dangerous weapon while committing the felony. The legislature certainly was aware of this court's holdings that where there was a single act, there could be but one conviction of crime. (*People v. Schlenger* (1958), 13 Ill. 2d 63; *People v. Scott* (1969), 43 Ill. 2d 135; *People v. Lilly* (1974), 56 Ill. 2d 493.) If it were its intention the legislature could have expressly provided for separate convictions and sentences on charges of armed violence and its predicate or underlying felony. The Supreme Court in *Bell v. United States* (1955), 349 U.S. 81, 83, 99 L. Ed. 905, 910, 75 S. Ct. 620, 622 observed: "When Congress has the will it has no difficulty in expressing it—when it has the will, that is, of defining what it desires to make the

unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity." This court follows a similar policy of lenity in the interpretation of criminal statutes. *People v. Haron* (1981), 85 Ill. 2d 261, 277-78.

The People's reliance on *Wayne County Prosecutor v. Recorder's Court Judge* (1979), 406 Mich. 374, 280 N.W.2d 793, is misplaced. Although Michigan's felony-firearm statute, which was construed in *Wayne County*, resembles our armed violence statute, it is different in at least one important aspect. The court there noted that "[t]he statute decrees that any person carrying or possessing a firearm during a felony or attempted felony *'is guilty of a felony'* and shall be imprisoned for two years. This two-year sentence must be imposed *'in addition to'* the sentence for the felony or attempted felony and must be served *'consecutively'* to and *'preceding'* the sentence for that crime." (406 Mich. 374, 389, 280 N.W.2d 793, 795.) The Michigan legislature's intent to make the violation of the felony-firearm statute a separate offense is clear. The court went on to distinguish what it considered as sentence enhancement statutes (habitual offender) and statutes which impose mandatory minimum sentences (armed robbery), each of which contains "no indication of an intent to establish a separate felony or require a consecutive sentence. The sentencing judge is merely required to impose a single sentence with a minimum term of at least two years." (406 Mich. 374, 391, 280 N.W.2d 793, 796.) We consider that our armed violence statute enhances the mandatory minimum sentence to be imposed upon conviction of a felony.

The test laid down in *Blockburger* is not helpful to the People's position. That test, which "is a 'rule of statutory construction'" (*Albernaz v. United States* (1981),

450 U.S. 333, 340, 67 L. Ed. 2d 275, 282, 101 S. Ct. 1137, 1143) is that "*** where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." (284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182.) The underlying felony charge here, aggravated battery causing great bodily harm, does not require proof of a fact in addition to those required to prove the offense of armed violence based on the underlying felony of aggravated battery causing great bodily harm. One cannot violate the armed violence statute without first committing a felony. The alleging of that felony in the armed violence charge has the effect, upon conviction, of making it a necessarily included offense. See *People v. Gray* (1977), 69 Ill. 2d 44; *People v. Smith* (1980), 78 Ill. 2d 298; *People v. Kavinsky* (1981), 98 Ill. App. 3d 579; *People v. McNeal* (1980), 88 Ill. App. 3d 20.

In the absence of a clear legislative expression to the contrary we hold that multiple convictions for both armed violence and the underlying felony cannot stand where a single physical act is the basis for both charges. A defendant is prejudiced "where more than one offense is carved from the same physical act." (*People v. King* (1977), 66 Ill. 2d 551, 566; see also *People v. Myers* (1981), 85 Ill. 2d 281, 287.) Here convictions for both armed violence and aggravated battery causing great bodily harm were improper. Judgment should have been entered and sentence imposed only on the more serious offense. *People v. Duszkewycz* (1963), 27 Ill. 2d 257.

The appellate court had the misapprehension that the trial court imposed a single nine-year term and remanded the cause for resentencing. The record shows that the trial court imposed five concurrent nine-year terms. Remandment was unnecessary, and the portion of the

appellate court's judgment ordering it must be reversed.

The appellate court erroneously believed that aggravated battery using a deadly weapon was the underlying felony in the armed violence charge. In fact the underlying felony set out in the armed violence charge was aggravated battery causing great bodily harm. Thus, the court should have vacated the aggravated battery causing great bodily harm conviction; not the one charging aggravated battery using a deadly weapon.

For the reasons stated, we reverse: (1) that part of the appellate court judgment that vacated the conviction for aggravated battery using a deadly weapon; (2) that part of the judgment that affirmed the conviction for aggravated battery causing great bodily harm; (3) that part of the judgment that remanded the cause with directions as to sentencing. We affirm the balance of the judgment. The judgment of the circuit court is vacated as to the conviction for aggravated battery causing great bodily harm; the balance of the judgment is affirmed.

*Appellate court affirmed in part and reversed in part; circuit court affirmed in part and vacated in part.*