THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACOB RICHARDS, Defendant-Appellant.

Second District   No. 82—703

Opinion filed October 7, 1983.

Michael Melius, Public Defender, of Waukegan, for appellant.

Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of Elgin, for the People.

JUSTICE NASH delivered the opinion of the court:

After trial by jury defendant, Jacob Richards, was found guilty of two counts of home invasion (Ill. Rev. Stat. 1979, ch. 38, par. 12—11), attempted murder (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(a)) and armed violence (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2). He was sentenced to a term of six years' imprisonment in the Department of Corrections and appeals, contending (1) that one conviction for home invasion was based upon the same physical act as the armed violence conviction, requiring that the latter be vacated; (2) that, alternatively, the armed violence conviction cannot stand as the evidence was insufficient to establish that defendant caused great bodily harm to the victim; and (3) that the State failed to prove defendant was not a peace officer acting in the line of duty at the time of the offenses of home invasion.

Evidence was presented at trial that on the evening of May 18, 1982, defendant went to the home in Fox Lake in which his estranged wife, Yvonne Richards, was living with their two daughters, Karen Knoll and Diane Johnson. Diane's husband, Arthur, and their infant daughter also resided in the home. Defendant had been drinking beer at various taverns during that afternoon and early evening and he testified he recalled reaching the house at dark, but then blacked out and remembered nothing further until his subsequent arrest at the scene.

Other witnesses testified defendant forced his way into the house, although Arthur Johnson attempted to hold the door closed, and he

was carrying a revolver. Defendant pulled the telephone off the wall, ordered Arthur to go into the living room and threatened to kill them all. He fired a shot into the wall near the infant's crib, then struck Arthur repeatedly on the head with the gun. Arthur and defendant struggled, then defendant pointed the gun at Arthur's chest and pulled the trigger three or four times; although it was loaded, the gun failed to fire because of a defective firing pin, and defendant attempted to reload it. Arthur knocked the gun from defendant's hand, struck him and ordered him to get out. Defendant left the home and was arrested by police who had been called.

Other evidence was presented that Arthur Johnson sustained head injuries in the attack which required seven stitches, that he had been struck repeatedly with the gun and that his wounds bled profusely. Arthur Johnson, who was defendant's son-in-law, also testified defendant was not a peace officer.

■ We note first that although defendant filed a post-trial motion, none of the issues presented for our review were included in it and are, therefore, waived unless they may be considered to be within the plain error exception of Supreme Court Rule 615(a) (73 Ill. 2d R. 615(a)). (*People v. Lucas* (1981), 88 Ill. 2d 245, 250, 430 N.E.2d 1091; *People v. Thiel* (1981), 102 Ill. App. 3d 28, 29-30, 429 N.E.2d 565, *appeal denied* (1982), 91 Ill. 2d 556.) We find that the plain-error exception does apply to defendant's first claim of error and it will be addressed. See *People v. Baynes* (1981), 88 Ill. 2d 225, 231, 430 N.E.2d 1070; *People v. Beasley* (1982), 109 Ill. App. 3d 446, 449, 440 N.E.2d 961.

Under count I of the information defendant was convicted of home invasion for entering the dwelling and there intentionally causing injury to Arthur Johnson by striking him on the head with a weapon. (Ill. Rev. Stat. 1979, ch. 38, par. 12—11(a)(2).) Under count IV defendant was convicted of armed violence predicated upon the commission of home invasion in which he caused great bodily harm to Arthur Johnson by striking him on the head. (Ill. Rev. Stat. 1979, ch. 38, par. 12—11(a)(2).) Defendant argues that as each of these offenses was premised upon the same physical act—hitting Arthur Johnson on the head with the gun—he may not properly be convicted of both of them. (*People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273; *People v. Lewis* (1983), 112 Ill. App. 3d 626, 628, 445 N.E.2d 916; *People v. Rosa* (1982), 111 Ill. App. 3d 384, 390, 444 N.E.2d 233.) Defendant asserts that his conviction for armed violence must, therefore, be vacated.

The State concedes defendant may not stand convicted of both offenses, but contends that it is the home invasion conviction under count I which should be vacated.

As charged in counts I and IV of the information, both home invasion and armed violence are premised upon defendant's conduct in striking the victim upon the head causing injury. In such circumstances a judgment of conviction should be entered only for the more serious offense. (*People v. Donaldson* (1982), 91 Ill. 2d 164, 170, 435 N.E.2d 477.) Where, as in this instance, both armed violence and its predicate home invasion are Class X offenses, defendant may be convicted of and punished for either offense since neither is more serious than the other. (*People v. Simmons* (1982), 93 Ill. 2d 94, 98, 442 N.E.2d 891.) In similar circumstances the court in *People v. Hert* (1981), 95 Ill. App. 3d 871, 874, 420 N.E.2d 813, and *People v. Green* (1980), 83 Ill. App. 3d 982, 986-87, 404 N.E.2d 930, set aside defendant's convictions for armed violence and we do so here. See *People v. Crawford* (1980), 90 Ill. App. 3d 888, 890, 414 N.E.2d 25; *People v. Jones* (1980), 89 Ill. App. 3d 1030, 1033-34, 412 N.E.2d 683, *appeal denied* (1981), 85 Ill. 2d 559.

Remandment for resentencing will not be required in this case (*cf. People v. Hert; People v. Green*). Defendant was convicted of four Class X felonies (he does not assert error as to the convictions for attempted murder under count III or home invasion under count II of the information) and was sentenced to a single six-year term of imprisonment. That was the minimum sentence allowed for each of these Class X offenses (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1(a)(3)) and, if remanded for a new sentencing hearing, the trial court could not impose lesser sentences.

The remaining two issues raised by defendant were, as earlier noted, waived by his failure to preserve them in his post-trial motion. We have considered these claims and determine they do not constitute plain error. Our conclusion is fortified by the forthright admission in defendant's brief by his counsel that he, too, considers these issues to be without merit. Counsel suggests, however, that it is his duty and responsibility to seek review of anything in the record which might arguably support an appeal.

We do not agree. Appointed counsel in the appeal of a criminal case has no duty to present for review nonmeritorious matters simply because they may conceivably have some connection with the record. The attorney must exercise his best professional judgment in evaluating the issues to be offered for review. (*Jones v. Barnes* (1983), 463 U.S. ___, ___, 77 L. Ed. 2d 987, 993, 103 S. Ct. 3308,

3312; *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396; *People v. Jones* (1967), 38 Ill. 2d 384, 231 N.E.2d 390.) We will not consider these issues further.

Accordingly, the judgment of conviction and sentence entered for armed violence under count IV of the information is vacated; in all other respects the judgment of the circuit court of Lake County is affirmed.

Vacated in part; affirmed in part.

SEIDENFELD, P.J., and VAN DEUSEN, J., concur.