20

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GARY W. PETERSON, Defendant-Appellant.

Second District   No. 2—90—0530

Opinion filed March 30, 1992.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Thomas F. Baker, State's Attorney, of Woodstock (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Gary Peterson, pleaded guilty to one count of unlawful possession of a controlled substance (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(b)), one count of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(2)), and one count of armed violence (Ill. Rev. Stat. 1989, ch. 38, par. 33A—2). The circuit court of McHenry County sentenced defendant to a prison term of 18 months for the unlawful possession count, 11 years and $75,000 fine for the unlawful delivery count, and 6 years for the armed violence count. On appeal, defendant argues that (1) the armed violence conviction must be vacated because it was based upon the same act as the unlawful delivery conviction, (2) the armed violence conviction should be reduced to a Class 2 felony if it is not vacated, (3) the trial judge relied upon improper factors in aggravation at sentencing, and (4) he is entitled to credit toward his fine for the days he was incarcerated on a bailable offense in accordance with section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 110—14). We affirm in part and vacate in part.

On May 12, 1989, a police officer met with defendant and White (codefendant) in order to carry out a prearranged drug transaction. While in his car, defendant handed the officer two ounces of cocaine. The officer returned the cocaine and walked away from the car, allegedly to get $2,300 to accomplish the deal. The police then arrested defendant. The police found an unloaded gun in the car and an additional gram of cocaine in defendant's personal property. At sentencing, defendant admitted that he was to be paid $200 to give White a ride in order to carry out the drug deal. Defendant also admitted that he received $60 to $80 before the transaction took place.

The presentence report stated that defendant had snakes and serpents tattooed on both his forearms. This was shown to be incorrect at the sentencing hearing when defendant held up his arms and showed the court that he did not have these tattoos. The prosecution stated that defendant was the subject of an ongoing investigation and had been involved in a previous drug deal and in conversations arranging drug deals. Defendant denied such involvement

and contended that the State's information was incorrect and was a matter of mistaken identity. Defendant also denied the accuracy of references in the presentence report that he had outstanding warrants for traffic offenses in Lake County. In support of this contention, defendant stated that he was called to court twice for DUIs allegedly committed while he was in custody for the present offense. Defendant also objected to the characterization of his criminal record by the presentence report as "lengthy," when, in fact, he only committed two alcohol-related offenses as a minor and had been convicted of three criminal offenses as an adult. Finally, defendant objected to information in the presentence report indicating that he used an alias and that he maintained a Mexican bank account.

Defendant first argues that the armed violence conviction must be vacated because it was based upon the same act as his conviction of unlawful delivery of a controlled substance. The general rule is that where there is a single act there can be but one conviction of a crime. (*People v. Donaldson* (1982), 91 Ill. 2d 164, 168.) Therefore, if defendant's armed violence conviction is based upon the same act as his conviction of unlawful delivery of a controlled substance, then one of these convictions must be vacated.

According to the Criminal Code of 1961, "[a] person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 33A—2.) In *Donaldson*, the court identified the policy underlying this statute as one which seeks to "increase or enhance the minimum penalty upon conviction of a felony when the violator was in possession of a dangerous weapon while committing the felony." (*Donaldson*, 91 Ill. 2d at 168.) In *Donaldson*, the court held that convictions of both armed violence and aggravated battery causing great bodily harm were improper. The court explained that the underlying felony charge, aggravated battery causing great bodily harm, "does not require proof of a fact in addition to those required to prove the offense of armed violence based on the underlying felony of aggravated battery causing great bodily harm." (*Donaldson*, 91 Ill. 2d at 170.) Thus, the court held that the aggravated battery felony becomes an included offense upon conviction of the armed violence charge.

In contrast, in *People v. Green* (1990), 199 Ill. App. 3d 927, the defendant was convicted of and sentenced for (1) armed violence predicated on unlawful possession of a controlled substance; and (2) unlawful possession of a controlled substance with intent to deliver. The intent to deliver charge was not held to be an offense included

in the armed violence charge because the armed violence charge was predicated upon unlawful *possession, not unlawful delivery.* Because the defendant was carrying separate parcels of controlled substances, the two acts of possession and delivery could be viewed as separate and distinct, and defendant could be convicted of and sentenced for each of them. *Green,* 199 Ill. App. 3d at 932.

In the present case, defendant's armed violence conviction was predicated upon unlawful delivery. Thus, it arose out of the same act underlying the unlawful delivery conviction.

Under these circumstances, the general rule is that judgment should be entered and sentence imposed on the more serious offense. (*Donaldson,* 91 Ill. 2d at 170.) The present case poses some difficulty in this respect because one would normally expect an act involving the delivery of a controlled substance to be more serious when such an act is performed while the actor is armed. However, the trial judge in the present case sentenced defendant to 11 years on the unlawful delivery conviction but to only 6 years on the armed violence conviction. However, in *Donaldson,* the court considered that the armed violence statute was intended to enhance the mandatory minimum sentence to be imposed upon conviction of a felony. (*Donaldson,* 91 Ill. 2d at 169.) Before presenting our own resolution of the matter, we examine the approaches other courts have taken when addressing multiple convictions and sentences for single acts.

The most basic approach to sentencing for convictions involving an included offense is simply to hold that the predicate felony conviction is void and, therefore, must be vacated. (*People v. Johnson* (1990), 200 Ill. App. 3d 1018.) However, other courts have more closely examined the elements of the offenses committed in order to determine which is more serious. For example, in *People v. Edwards* (1988), 167 Ill. App. 3d 324, the court vacated the defendant's armed violence conviction because the predicate felony of attempted murder was viewed as a specific intent crime and was deemed more serious than the general intent crime of armed violence. Likewise, in *People v. Olsen* (1987), 161 Ill. App. 3d 945, we vacated an armed violence conviction which we considered to be less serious than an aggravated criminal sexual assault. Finally, our supreme court noted that, where both the armed violence and its predicate felony are Class X offenses, the defendant may be convicted of and punished for *either* offense, "since neither is 'more serious' than the other." *People v. Simmons* (1982), 93 Ill. 2d 94, 98; see also *People v. Richards* (1983), 118 Ill. App. 3d 550, 553.

■■ In the present case, we view defendant's conviction of unlawful delivery of a controlled substance as the more serious offense. Therefore, we vacate defendant's conviction of armed violence predicated upon unlawful delivery of a controlled substance. In effect, we defer to the trial judge's determination that defendant's conviction of the specific intent crime of unlawful delivery of a controlled substance was more deserving of a greater sentence than the general intent crime of armed violence. In light of this determination, it is unnecessary to address defendant's request that the armed violence conviction be reduced to a Class 2 felony. Furthermore, because separate sentences were imposed, we see no need to remand for resentencing on this issue. *People v. Payne* (1983), 98 Ill. 2d 45.

Defendant next argues that his 11-year sentence was excessive where the court considered compensation received as an aggravating factor in sentencing. According to *People v. Conover* (1981), 84 Ill. 2d 400, compensation should not be considered as an aggravating factor for offenses such as burglary where compensation is implicit in the crime itself. Thus, the proceeds of the crime itself cannot be viewed as a form of compensation which could aggravate criminal sanctions because such proceeds were already accounted for by the legislature in defining the crime of burglary. However, *Conover* distinguishes such proceeds of the crime from payments made to commit the crime by pointing out that the legislature "intended to impose a harsher sentence on one who is paid to commit a burglary or theft than on one who commits it on his own volition." (*Conover*, 84 Ill. 2d at 405.) Thus, there is a difference between receiving proceeds of the crime and being paid or hired to commit the crime. The latter may be considered in aggravation; the former may not.

■■ In the present case, defendant testified that he collected between $60 and $80 *before* the drug transaction took place. It would appear then, from defendant's own testimony, that he was *hired* to partake in the offense. Under these circumstances, *Conover* would dictate that compensation is *not* an improper factor to be considered in aggravation at sentencing. Because defendant here received remuneration beyond the proceeds of the crime itself, we determine that the receipt of compensation was a proper factor to consider in aggravation at sentencing. See *People v. Kendall* (1991), 213 Ill. App. 3d 782, 789; *People v. Verser* (1990), 200 Ill. App. 3d 613, 621; *People v. Hunt* (1981), 100 Ill. App. 3d 553, 558.

■ Defendant next argues that the imposition of an 11-year prison term for unlawful delivery of a controlled substance was excessive where the court considered unverified information about defendant's criminal record and character in aggravation but ignored the mitigating factors that this was defendant's first drug offense and that defendant demonstrated responsibility with his work and his son. We determine that defendant's claim with respect to the trial court's reliance on unverified information in the presentence report is not supported by the record. While defendant did receive a somewhat lengthy sentence, such a decision was well within the discretion of the trial court. Such a sentence is not, by itself, evidence that improper reliance was placed upon inaccurate information which the defendant effectively rebutted at sentencing. Moreover, considering that defendant could have received a 30-year sentence for the Class X offense he committed, 11 years do not appear to be an abuse of discretion.

■ Finally, defendant argues that he is entitled to $1,215 of credit toward his $75,000 fine in light of section 110—14 (Ill. Rev. Stat. 1989, ch. 38, par. 110—14). Section 110—14 provides that any person incarcerated on a bailable offense who does not supply bail is entitled to a credit toward levied fines of $5 a day for each day so incarcerated. The State agrees that defendant is entitled to $1,215 credit toward his $75,000 fine because of the 243 days he was incarcerated from the time of his arrest until sentencing. Because defendant was in compliance with section 110—14 and because the State concedes this point, we hold that defendant should receive a $1,215 credit toward his $75,000 fine pursuant to section 110—14 (Ill. Rev. Stat. 1989, ch. 38, par. 110—14).

The judgment of the circuit court of McHenry County is affirmed in part and vacated in part.

Affirmed in part; vacated in part.

GEIGER and NICKELS, JJ., concur.