# Illinois Official Reports

## Appellate Court

---

### *People v. Gillespie*, 2014 IL App (4th) 121146

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARREN GILLESPIE, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-1146 |
| Filed | December 22, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was initially charged with robbery and aggravated criminal sexual assault arising from an incident in which he robbed and assaulted a woman and he was sentenced to consecutive terms for robbery and aggravated criminal sexual assault, but the robbery conviction was based on the same robbery used as the predicate offense for the conviction for aggravated criminal sexual assault, the appellate court held that defendant's robbery conviction violated the one-act, one-crime rule and the robbery conviction was vacated and the cause was remanded for an amended sentencing judgment; furthermore, the appellate court rejected defendant's contentions that the automatic-transfer statute that required him to be tried as an adult violated the due process clause, the eighth amendment, and the proportionate penalties clause of the Illinois Constitution. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 11-CF-1813; the Hon. Heidi N. Ladd, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded with directions. |

Counsel on Appeal

Michael J. Pelletier, Jacqueline L. Bullard, and Martin J. Ryan (argued), all of State Appellate Defender's Office, of Springfield, for appellant.

Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, David J. Robinson, and Aimee Sipes Johnson (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE TURNER delivered the judgment of the court, with opinion. Presiding Justice Pope and Justice Knecht concurred in the judgment and opinion.

**OPINION**

¶ 1  In November 2011, the State charged defendant, Darren Gillespie, by information with one count of robbery (720 ILCS 5/18-1(a) (West 2010)) and two counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(3), (a)(4) (West 2010) (text of section effective until July 1, 2011)). After a November 2012 trial, a jury found defendant guilty of both offenses. That same month, defendant filed a posttrial motion. In December 2012, the court denied defendant's posttrial motion and sentenced him to consecutive prison terms of 5 years for robbery and 22 years for aggravated criminal sexual assault.

¶ 2  Defendant appeals, arguing (1) his robbery conviction must be vacated as a lesser-included offense of aggravated criminal sexual assault and (2) the automatic-transfer statute (705 ILCS 405/5-130 (West 2010) (text of section effective until July 1, 2011)) that required him to be tried as an adult in this case violates the eighth amendment of the United States Constitution (U.S. Const., amend. VIII), the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), and due process (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 2). We affirm in part, vacate in part, and remand the cause with directions.

¶ 3                                I. BACKGROUND

¶ 4  The State's original information charged defendant with robbery, in that he "knowingly took property, namely $74.00 and a pink cell phone, from the person of [R.C.] by threatening the imminent use of force." The aggravated-criminal-sexual-assault charge under section 12-14(a)(3) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/12-14(a)(3) (West 2010) (text of section effective until July 1, 2011)) alleged defendant by the threat of force inserted his penis into R.C.'s vagina and in so doing threatened R.C.'s life by saying " 'be quiet or I'll kill you.' " The aggravated-criminal-sexual-assault charge under section 12-14(a)(4) of the Criminal Code (720 ILCS 5/12-14(a)(4) (West 2010) (text of section effective until July 1, 2011)) asserted that, during the commission of a felony, namely kidnapping, defendant committed a criminal sexual assault against R.C., in that by the threat of force defendant

- 2 -

inserted his penis into her vagina. All three charges were alleged to have occurred on January 11, 2011. Defendant was born in July 1994 and thus was 16 years old at the time of the offenses.

¶ 5    At the beginning of the November 2012 trial, the State moved to dismiss the aggravated-criminal-sexual-assault charge under section 12-14(a)(3) and amend the other two charges. The trial court granted the State's motion. The robbery charged then alleged "defendant knowingly took property, namely United States Currency and a cell phone, from the person of [R.C.] by threatening the imminent use of force." The aggravated-criminal-sexual-assault charge under section 12-14(a)(4) of the Criminal Code (720 ILCS 5/12-14(a)(4) (West 2010) (text of section effective until July 1, 2011)) then asserted "defendant, during the commission of a felony, namely robbery, committed a criminal sexual assault *** against [R.C.], in that by the threat of force the defendant inserted his penis into her vagina."

¶ 6    During defendant's trial, R.C. testified that, over her lunch break at work, she went to an apartment to buy a prescription pill and was robbed of her cellular telephone and money by defendant and two other individuals. After R.C. emptied her pockets, defendant asked the two other individuals to leave and ordered R.C. upstairs. Once upstairs, defendant directed R.C. to the bathroom and demanded that she pull down her pants. At one point, he told her to be quiet or he would kill her. Defendant bent R.C. over a box and penetrated her vagina with his penis. Defendant withdrew and ejaculated on R.C.'s buttocks. Defendant left, and R.C. ran out of the apartment. After telling her employer she would not return to work, she went to the hospital, where a rape kit was completed. The Illinois State Police forensic laboratory report found defendant's deoxyribonucleic acid (DNA) matched the DNA on swabs from R.C.'s rectum. Defendant testified and admitted robbing R.C. However, he denied he sexually assaulted her and testified he and R.C. had consensual sex the night before at a party. R.C. denied being at a party the night before the attack.

¶ 7    At the conclusion of the trial, the jury found defendant guilty of both robbery and aggravated criminal sexual assault. On November 20, 2012, defendant filed a posttrial motion, raising numerous issues, none of which he raises on appeal. At a joint December 17, 2012, hearing, the trial court denied defendant's posttrial motion and sentenced him to consecutive prison terms of 5 years for robbery and 22 years for aggravated criminal sexual assault. On December 19, 2012, defendant filed a timely notice of appeal in compliance with Illinois Supreme Court Rule 606 (eff. Mar. 20, 2009). Thus, this court has jurisdiction of this appeal under Illinois Supreme Court Rule 603 (eff. Oct. 1, 2010).

¶ 8                                    II. ANALYSIS
¶ 9                              A. Lesser-Included Offense
¶ 10    Defendant first asserts his robbery conviction must be vacated because, in his case, it is a lesser-included offense of aggravated criminal sexual assault since the robbery was the aggravating element. In other words, he contends his robbery conviction violates the one-act, one-crime rule established by our supreme court in *People v. King*, 66 Ill. 2d 551, 363 N.E.2d 838 (1977). The State disagrees with defendant's assertion. Moreover, both parties note defendant did not preserve this issue for appeal but agree we should review it under the plain-error doctrine (Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967)) because a violation of the one-act, one-crime rule satisfies the second prong of that doctrine (see *People v. Harvey*, 211 Ill. 2d

368, 389, 813 N.E.2d 181, 194 (2004)). Accordingly, we review the merits of defendant's argument. The application of the one-act, one-crime rule presents a question of law, which this court reviews *de novo*. *People v. Johnson*, 237 Ill. 2d 81, 97, 927 N.E.2d 1179, 1189 (2010).

¶ 11 In *King*, 66 Ill. 2d at 566, 363 N.E.2d at 845, our supreme court held "that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." Since *King*, the supreme court has explained the one-act, one-crime doctrine involves a two-step analysis. *People v. Miller*, 238 Ill. 2d 161, 165, 938 N.E.2d 498, 501 (2010). The analysis is as follows:

> "First, the court must determine whether the defendant's conduct involved multiple acts or a single act. Multiple convictions are improper if they are based on precisely the same physical act. Second, if the conduct involved multiple acts, the court must determine whether any of the offenses are lesser-included offenses. If an offense is a lesser-included offense, multiple convictions are improper." *Miller*, 238 Ill. 2d at 165, 938 N.E.2d at 501.

¶ 12 At issue in this case is the second step of the analysis. In *Miller*, 238 Ill. 2d at 166, 938 N.E.2d at 501-02, our supreme court "identified three possible methods for determining whether a certain offense is a lesser-included offense of another: (1) the abstract elements approach; (2) the charging instrument approach; and (3) the factual or evidence adduced at trial approach." (Internal quotation marks omitted.) After a lengthy analysis, the *Miller* court concluded the abstract elements approach was the proper approach "to determine whether one charged offense is a lesser-included offense of another under *King*." *Miller*, 238 Ill. 2d at 176, 938 N.E.2d at 507. "Under the abstract elements approach, a comparison is made of the statutory elements of the two offenses. If all of the elements of one offense are included within a second offense and the first offense contains no element not included in the second offense, the first offense is deemed a lesser-included offense of the second." *Miller*, 238 Ill. 2d at 166, 938 N.E.2d at 502. In other words, under this approach, "it must be impossible to commit the greater offense without necessarily committing the lesser offense." *Miller*, 238 Ill. 2d at 166, 938 N.E.2d at 502. Additionally, "[t]he abstract elements approach does not look to the facts of a crime as either charged in the particular charging instrument or proved at trial." *People v. Novak*, 163 Ill. 2d 93, 106, 643 N.E.2d 762, 769 (1994). The *Miller* court described the abstract elements approach as the most clearly stated and the easiest to apply but noted "it is the strictest approach in the sense that it is formulaic and rigid, and considers 'solely theoretical or practical impossibility.' " *Miller*, 238 Ill. 2d at 166, 938 N.E.2d at 502 (quoting *Novak*, 163 Ill. 2d at 106, 643 N.E.2d at 769).

¶ 13 Here, defendant was convicted of aggravated criminal sexual assault under section 12-14(a)(4) of the Criminal Code (720 ILCS 5/12-14(a)(4) (West 2010) (text of section effective until July 1, 2011)). That section provides a person commits aggravated criminal sexual assault if he "commits criminal sexual assault" and the offense was "perpetrated during the course of the commission or attempted commission of any other felony by the accused." 720 ILCS 5/12-14(a)(4) (West 2010) (text of section effective until July 1, 2011). Thus, the elements of aggravated sexual assault under section 12-14(a)(4) are (1) sexual penetration, (2) use of force or threat of force, and (3) it was perpetrated during the commission of another felony or attempted commission. See *People v. Hawkins*, 409 Ill. App. 3d 564, 570, 948 N.E.2d 676, 682 (2011).

- 4 -

¶ 14    Our supreme court has long held the predicate offense for another crime is a lesser-included offense of the other crime. As defendant notes, in *People v. Smith*, 183 Ill. 2d 425, 432, 701 N.E.2d 1097, 1100 (1998) (*Smith I*), the supreme court stated the predicate offense underlying felony murder is a lesser-included offense of felony murder and cannot support a separate conviction and sentence. See also *People v. Smith*, 233 Ill. 2d 1, 17, 906 N.E.2d 529, 538 (2009) (citing, with approval, the aforementioned holding in *Smith I*). In support of that statement, the *Smith* court cited its prior felony-murder decision in *People v. Coady*, 156 Ill. 2d 531, 537, 622 N.E.2d 798, 801 (1993), which had cited *People v. Donaldson*, 91 Ill. 2d 164, 170, 435 N.E.2d 477, 479-80 (1982), and *People v. Johnson*, 167 Ill. App. 3d 659, 669-70, 521 N.E.2d 609, 615-16 (1988). In *Johnson*, 167 Ill. App. 3d at 669-70, 521 N.E.2d at 615-16, this court accepted the State's concession the defendant's armed-robbery conviction should be vacated as a lesser included offense of felony murder. In *Donaldson*, 91 Ill. 2d at 170, 435 N.E.2d at 479-80, our supreme court held convictions for both armed violence and the underlying felony could not stand. The *Donaldson* court gave the following explanation:

> "The underlying felony charge here, aggravated battery causing great bodily harm, does not require proof of a fact in addition to those required to prove the offense of armed violence based on the underlying felony of aggravated battery causing great bodily harm. One cannot violate the armed violence statute without first committing a felony. The alleging of that felony in the armed violence charge has the effect, upon conviction, of making it a necessarily included offense." *Donaldson*, 91 Ill. 2d at 170, 435 N.E.2d at 479.

¶ 15    In support of its argument that robbery is not a lesser-included offense of aggravated criminal sexual assault under section 12-14(a)(4), the State cites the Second District's *People v. Bouchee*, 2011 IL App (2d) 090542, ¶ 10, 962 N.E.2d 15, which held that, under the abstract elements approach, criminal sexual assault was not a lesser-included offense of home invasion. See also *People v. Fuller*, 2013 IL App (3d) 110391, ¶¶ 21-23, 990 N.E.2d 882 (following *Bouchee*). *Bouchee* and *Fuller* are the only cases the State cites for its assertion convictions can stand for both an offense and its underlying predicate offense. We are unaware of any other Illinois cases so holding. Citing a different subsection of the home-invasion statute than the one under which the defendant was convicted, the *Bouchee* court noted it was possible to commit home invasion without necessarily committing criminal sexual assault. *Bouchee*, 2011 IL App (2d) 090542, ¶ 10, 962 N.E.2d 15 ("a person can commit home invasion by entering and then '[p]ersonally discharg[ing] a firearm that proximately causes,' *inter alia*, a death" (quoting 720 ILCS 5/12-11(a)(5) (West 2006))). It further found that, even considering the statutory subsection under which the defendant was charged, it was possible to commit home invasion without necessarily committing criminal sexual assault. *Bouchee*, 2011 IL App (2d) 090542, ¶ 10, 962 N.E.2d 15 (a person can commit home invasion by entering and then committing criminal sexual abuse (citing 720 ILCS 5/12-11(a)(6) (West 2006))). In response to the defendant's assertion "the indictment 'specifically charge[d]' that he committed home invasion by entering and then committing criminal sexual assault, it was impossible for him to commit home invasion, '[a]s charged,' without committing the criminal sexual assault," the Second District found the defendant was merely reverting to the charging-instrument approach. *Bouchee*, 2011 IL App (2d) 090542, ¶ 11, 962 N.E.2d 15.

¶ 16    The Second District did address the *Smith I* holding the predicate felony of felony murder is a lesser-included offense of felony murder. It found felony murder was not analogous to subsection (a)(6) of the home-invasion statute. *Bouchee*, 2011 IL App (2d) 090542, ¶ 12, 962 N.E.2d 15. In explaining the abstract elements test, it noted the following:

> " 'The assumption underlying the rule is that Congress *ordinarily* does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the "same offense," they are construed not to authorize cumulative punishments *in the absence of a clear indication of contrary legislative intent*.' (Emphases added.)" *Bouchee*, 2011 IL App (2d) 090542, ¶ 13, 962 N.E.2d 15 (quoting *Whalen v. United States*, 445 U.S. 684, 691-92 (1980)).

Thus, the *Bouchee* court concluded "a predicate of felony murder is 'a species of lesser-included offense' ([*Illinois v.*] *Vitale*, 447 U.S. [410,] 420 [(1980)]) only because that classification is deemed to comport with legislative intent. See *Whalen*, 445 U.S. at 694 n.8 ('We have simply concluded that, [under the relevant statute], Congress intended rape to be considered a lesser offense included within the offense of a killing in the course of rape.')." *Bouchee*, 2011 IL App (2d) 090542, ¶ 13, 962 N.E.2d 15. It found that, with felony murder, the felony supplies the mental state for first degree murder, and thus the legislature did not intend to allow convictions of both the murder and the felony. *Bouchee*, 2011 IL App (2d) 090542, ¶ 14, 962 N.E.2d 15. However, with home invasion under subsection (a)(6), the unauthorized entry is the most serious part of the offense and it is complete before the commission of the criminal sexual assault, which has its own elements and mental state. *Bouchee*, 2011 IL App (2d) 090542, ¶ 15, 962 N.E.2d 15.

¶ 17    Additionally, the *Bouchee* court noted a predicate offense under subsection (a)(6) of the home-invasion statute is not necessarily lesser than home invasion and notes that, in some cases, criminal sexual assault has a greater sentencing range. *Bouchee*, 2011 IL App (2d) 090542, ¶ 16, 962 N.E.2d 15. Last, the Second District found it would be "absurd and unjust" to not impose separate punishment for a more serious sex offense committed after the unauthorized entry where "the legislature has insisted that sex offenses be punished not only separately, but consecutively." *Bouchee*, 2011 IL App (2d) 090542, ¶ 18, 962 N.E.2d 15 (citing 730 ILCS 5/5-8-4(a)(i), (a)(ii) (West 2006)).

¶ 18    Since the main offense in this case is a sex offense, not the predicate, we find a large part of the reasoning in *Bouchee* is inapplicable here, including its finding not having convictions for both the underlying sex offense and home invasion contravenes legislative intent. In this case, the Class 2 felony of robbery (720 ILCS 5/18-1(b) (West 2010)), which carries a sentence of 3 to 7 years in prison (730 ILCS 5/5-4.5-35(a) (West 2010)), is clearly a less serious offense than the Class X felony of aggravated criminal sexual assault (720 ILCS 5/12-14(d)(1) (West 2010) (text of section effective until July 1, 2011)), which has a possible sentence of 6 to 30 years in prison (730 ILCS 5/5-4.5-25(a) (West 2010)). Even if we consider the robbery statute as a whole, robbery is still a lesser felony than aggravated criminal sexual assault. See 720 ILCS 5/18-1(b) (West 2010) (under some circumstances, robbery is a Class 1 felony).

¶ 19    In further distinguishing *Bouchee*, an examination of the United States Supreme Court's decision in *Whalen*, which was cited in *Bouchee*, is warranted. The *Whalen* Court addressed the rule set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), which provides " 'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each

provision requires proof of a fact which the other does not.' " *Whalen*, 445 U.S. at 692 (quoting *Blockburger*, 284 U.S. at 304). The rule is used to determine whether double jeopardy barred additional punishment and successive prosecution. *Blockburger*, 284 U.S. at 304. It has also been used to determine whether Congress has provided two statutory offenses may be punished cumulatively. *Whalen*, 445 U.S. at 691. We note the same elements test is just another name for the *Blockburger* rule. See *People v. Dunnavan*, 381 Ill. App. 3d 514, 518, 886 N.E.2d 393, 397 (2008). In *Miller*, 238 Ill. 2d at 174-75, 938 N.E.2d at 506, our supreme court noted that, in determining whether an offense is a lesser-included offense for double jeopardy purposes, the United States Supreme Court employs the same elements test, which is the equivalent of the abstract elements test. Thus, the case law for the same elements test is instructive in applying the abstract elements test.

¶ 20 Applying the *Blockburger* rule to a consecutive sentencing issue, the *Whalen* Court found "Congress did not authorize consecutive sentences for rape and for a killing committed in the course of the rape" because it is not the case where " 'each provision requires proof of a fact which the other does not.' " *Whalen*, 445 U.S. at 693 (quoting *Blockburger*, 284 U.S. at 304). "A conviction for killing in the course of a rape cannot be had without proving all the elements of the offense of rape." *Whalen*, 445 U.S. at 693-94. Further, the *Whalen* Court rejected the government's argument felony murder and rape were not the same offense under *Blockburger* because felony murder does not in all cases require proof of a rape. *Whalen*, 445 U.S. at 694. The *Whalen* Court noted that, "[i]n the present case *** proof of rape is a necessary element of proof of the felony murder, and we are unpersuaded that this case should be treated differently from other cases in which one criminal offense requires proof of every element of another offense." *Whalen*, 445 U.S. at 694.

¶ 21 However, as the *Bouchee* court notes, the *Blockburger* rule only applies " 'in the absence of a clear indication of contrary legislative intent.' " (Emphasis omitted.) *Bouchee*, 2011 IL App (2d) 090542, ¶ 13, 962 N.E.2d 15 (quoting *Whalen*, 445 U.S. at 692). In distinguishing felony murder, the *Bouchee* court found a clear legislative intent existed for convictions for both home invasion and criminal sexual assault. In this case, we do not find a clear legislative intent. First, we note the fact the predicate offense supplies the mental state for felony murder adds nothing to the analysis of whether a clear contrary legislative intent exists with the offenses at issue. Second, as explained previously, robbery is a "lesser" offense than aggravated criminal sexual assault, and thus the absurdity and injustice concerns raised in *Bouchee* are not present here. Last, the existence of separate criminal purposes alone does not rise to the level of a clear indication of legislative intent to provide separate convictions. Since we do not find a clear indication the legislature intended multiple convictions with the offenses at issue in this case, felony murder is analogous to the offenses here.

¶ 22 Moreover, we disagree with *Bouchee*'s examination of all subsections of a statute in applying the abstract elements approach. While the *Miller* court applied the abstract elements approach, it still examined the elements of the specific subsection of the statute charged by the State and not other subsections. See *Miller*, 238 Ill. 2d at 176, 938 N.E.2d at 507 (analyzing only subsection (a) of the retail-theft statute and not the other subsections). The *Miller* court did not suggest it was impermissible to look to the charging instruments to determine the specific statutory subsections to be used for comparison under the abstract elements approach. We note this court also has examined the specific subsections when analyzing convictions under the abstract elements approach. See *People v. Stull*, 2014 IL App (4th) 120704, ¶¶ 58-59,

64, 5 N.E.3d 328. Further, the *Whalen* Court rejected the argument of looking to other ways in which the crimes could be committed beyond the form in which they were charged. *Whalen*, 445 U.S. at 694. Moreover, in applying the same elements test, our supreme court has compared only the specific subsections of the offenses for which the defendant was charged and convicted. See *People v. Gray*, 214 Ill. 2d 1, 7-8, 823 N.E.2d 555, 558-59 (2005).

¶ 23    We now apply the abstract elements approach to the offenses at issue in this case. As stated, the elements of aggravated criminal sexual assault under section 12-14(a)(4) are (1) sexual penetration, (2) use of force or threat of force, and (3) it was perpetrated during the commission of another felony or attempted commission. See *Hawkins*, 409 Ill. App. 3d at 570, 948 N.E.2d at 682. The commission of another felony or attempted commission is an element of aggravated criminal sexual assault under section 12-14(a)(4), and thus one cannot commit aggravated criminal sexual assault under section 12-14(a)(4) without also committing or attempting to commit another felony. Any predicate felony or attempt felony charge does not require proof of an element in addition to those required to prove aggravated criminal sexual assault under section 12-14(a)(4) based on the underlying felony or attempt felony. Therefore, it is impossible to commit aggravated criminal sexual assault without necessarily committing the predicate felony or attempt felony, and thus the abstract elements approach is satisfied.

¶ 24    Our conclusion is consistent with the *Miller* court's statement that "allowing convictions on both charged offenses, under the abstract elements test, will ensure that defendants are held accountable for the full measure of their conduct and harm caused." *Miller*, 238 Ill. 2d at 173, 938 N.E.2d at 506. With section 12-14(a)(4), the underlying felony elevates the offense of criminal sexual assault, a Class 1 felony with a sentence range of 4 to 15 years in prison (720 ILCS 5/12-13(b)(1) (West 2010) (text of section effective until July 1, 2011); 730 ILCS 5/5-4.5-30(a) (West 2010)), to an aggravated criminal sexual assault, a Class X felony with a sentencing range of 6 to 30 years in prison (720 ILCS 5/12-14(d)(1) (West 2010) (text of section effective until July 1, 2011); 730 ILCS 5/5-4.5-25(a) (West 2010)). Thus, with a conviction under section 12-14(a)(4), the defendant is held accountable and punished for both the underlying felony and the criminal sexual assault. To hold otherwise and allow two separate convictions to stand for both the underlying felony and the aggravated criminal sexual assault, the defendant would be punished twice for the underlying offense, once for the offense and once for aggravating the criminal sexual assault.

¶ 25    In this case, the record is clear defendant's robbery conviction was for the same robbery that was the predicate offense of his aggravated-criminal-sexual-assault conviction. Accordingly, we find defendant's robbery conviction violates the one-act, one-crime rule and thus vacate his conviction and sentence for that offense.

¶ 26                    B. Constitutionality of the Automatic-Transfer Statute

¶ 27    Defendant also challenges the constitutionality of the automatic-transfer provision (also known as the excluded-jurisdiction statute) of the Juvenile Court Act of 1987 (705 ILCS 405/5-130 (West 2010) (text of section effective until July 1, 2011)) and the consequent automatic application of the full range of adult penalties. He argues the transfer and resulting sentencing possibilities violate the eighth amendment, the proportionate-penalties clause of the Illinois Constitution, and due process. Defendant recognizes he failed to raise this issue in the trial court but asserts the constitutionality of a statute may be raised at any time (see *People v. Wagener*, 196 Ill. 2d 269, 279, 752 N.E.2d 430, 438 (2001)). The State agrees defendant may

raise the issue on this appeal. We concur and note the constitutionality of a statute presents a question of law, which we review *de novo* (*People v. Melongo*, 2014 IL 114852, ¶ 20, 6 N.E.3d 120).

¶ 28    Defendant recognizes this court in *People v. Pacheco*, 2013 IL App (4th) 110409, 991 N.E.2d 896, *appeal allowed*, No. 116402 (Ill. Sept. 25, 2013), rejected the constitutional challenges he now makes. See also *People v. Croom*, 2012 IL App (4th) 100932, 975 N.E.2d 1107 (rejecting the due-process challenge to the automatic-transfer statute). However, defendant expressly raises his arguments to preserve their consideration should the Illinois Supreme Court overrule *Pacheco*, which is currently before that court. Since the parties filed their briefs, our supreme court addressed the same constitutional arguments defendant raises in a different case, *People v. Patterson*, 2014 IL 115102.

¶ 29    As to the due-process argument, the *Patterson* court noted it had first found the automatic-transfer provision did not violate due process in *People v. J.S.*, 103 Ill. 2d 395, 469 N.E.2d 1090 (1984), and later reached the same conclusion in *People v. M.A.*, 124 Ill. 2d 135, 529 N.E.2d 492 (1988). *Patterson*, 2014 IL 115102, ¶¶ 93, 95. After reviewing the United States Supreme Court's more recent decisions in *Roper v. Simmons*, 543 U.S. 551 (2005), *Graham v. Florida*, 560 U.S. 48 (2010), and *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012), the *Patterson* court declined to reconsider its holding in *J.S. Patterson*, 2014 IL 115102, ¶¶ 96-98. Thus, defendant's due-process claim fails under *Patterson*.

¶ 30    Regarding the eighth-amendment and proportionate-penalties claims, the defendant in *Patterson* again raised the *Roper*, *Graham*, and *Miller* decisions. *Patterson*, 2014 IL 115102, ¶ 100. The *Patterson* court recognized the aforementioned cases' discussion of young offenders but pointed out neither the eighth amendment nor the proportionate-penalties clause "applies unless a punishment or penalty has been imposed." *Patterson*, 2014 IL 115102, ¶¶ 100-01. After considering the defendant's arguments, the *Patterson* court declined to deviate from its long-held view the automatic-transfer provision is purely procedural and not punitive. *Patterson*, 2014 IL 115102, ¶¶ 102-05. Since the automatic-transfer provision did not impose actual punishment, the defendant's eighth-amendment and proportionate-penalties challenges could not stand. *Patterson*, 2014 IL 115102, ¶ 106. Thus, in this case, defendant's eighth-amendment and proportionate-penalties arguments cannot stand.

¶ 31    Accordingly, we reject defendant's constitutional challenges to the automatic-transfer provision under both *Patterson* and *Pacheco*.

¶ 32                                III. CONCLUSION
¶ 33    For the reasons stated, we vacate defendant's robbery conviction and sentence, affirm the Champaign County circuit court's judgment in all other respects, and remand the cause for an amended sentencing judgment consistent with this opinion. As part of our judgment, we grant the State's request that defendant be assessed $75 as costs for this appeal.

¶ 34    Affirmed in part and vacated in part; cause remanded with directions.